**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSHUA KEZIAH, | : |
|     Plaintiff | : |
|     v. | :   **CIVIL ACTION NO. 3:15-2171** |
| SUPERINTENDENT KERESTES, <u>et al.</u>, | :     (Judge Mannion) |
|     Defendants | : |

## **MEMORANDUM**

### **Background**

Joshua Keziah, an inmate presently confined in the Mahanoy State Correctional Institution, ("SCI-Mahanoy") Frackville, Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. §1983. The named Defendants are the following SCI-Mahanoy employees: Superintendent Kerestes, Lt. Charles Butts and Correctional Officers Kevin Rakus and Scott Horning. Along with his complaint, Plaintiff submitted an application requesting leave to proceed *in forma pauperis* under 28 U.S.C. §1915. The Prison Litigation Reform Act (the "Act"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) imposes obligations on prisoners who file suit in federal court and wish to proceed <u>in</u> <u>forma</u> <u>pauperis</u> under 28 U.S.C. §1915, <u>e.g.</u>, the full filing fee ultimately must be paid (at least in a non-habeas suit). Also, the section requires screening complaints in prisoner actions.[1]

---

[1]Section 1915(e)(2) provides:
(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

The complaint will now be reviewed pursuant to the screening provisions of the Act. For the reasons set forth below, the instant complaint will be dismissed as legally frivolous pursuant 28 U.S.C. §1915(e)(2)(B)(I).

When considering a complaint accompanied by a motion to proceed *in forma pauperis*, a district court may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[2] "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

On October 4, 2015, Plaintiff states that Lt. Brennan approached his cell and stated "your faggot ass has two punk ass grievances" and then proceeded to ask Plaintiff "to sign off on both grievances." (Doc. 1, complaint at 6).

---

determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

[2]Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)). Clearly baseless factual contentions describe scenarios "clearly removed from reality." Id.

October 12, 2015, at approximately 8:00 am, Plaintiff claims that Correctional Officer Rakus brought Plaintiff an exchange pair of RHU shoes to his cell which "had penis' (sic) on the soles with 'Keziah's a Queer' and 'I'm gay'" and "the inside of the shoes had 'Keziah loves penis' and 'Keziah's Queer' written on them." Id. At approximately 10:30 am, Plaintiff stopped Lt. Butts as he was making his rounds and showed him the shoes with the drawings and writings. Id. Lt. Butts called Correctional Officer Swarts over to unlock Plaintiff's door slot and then Lt. Butts gave Plaintiff a direct order to hand him the shoes. Id. Lt. Butts then "assured [Plaintiff] that he was going to contact security and the Prison Rape Elimination Act Investigation (PREA) Coordinator. Id. At approximately 10:43 am, Correctional Officer Horning delivered a new pair of shoes to Plaintiff and stated "'I was just joking, if I offended you I'm a man and apologize'." Id.

Plaintiff states that after many letters, grievances filed, and attempts to follow up to the events of October 12, 2015, on October 22, 2015, he was escorted from his cell, to security, to meet with Captain Clark. Id. at 7. Plaintiff claims that Captain Clark stated that Plaintiff's "letters and updates on events was like a tattling child" and that Clark was contacted through email about Plaintiff's sexual harassment. Id.

On October 26, 2015, Plaintiff was escorted to security to see two detectives from the Lancaster County District Attorney's Office about terroristic threats that were made in a letter Plaintiff sent to his judge about the events on October 12, 2015. Id.

On November 12, 2015, Plaintiff filed the instant action in which he states that he "wants Lt. Butts, CO Rakus and CO Horning all terminated dishonorably from the Department of Corrections", as well as damages for "retaliation, stress, anguish, and threats." Id.

**Discussion**

The First Amendment offers protection for a wide variety of expressive activities. See U.S. Const. amend I. These rights are lessened, but not extinguished in the prison context, where legitimate penological interests must be considered in assessing the constitutionality of official conduct. See Turner v. Safley, 482 U.S. 78, 89 (1987). Retaliation for expressive activities can infringe upon an individual's rights under the First Amendment. See Allah v. Seiverling, 229 F.3d 220, 224–25 (3d Cir. 2000). To prevail on a retaliation claim under 42 U.S.C. §1983, plaintiff must demonstrate (1) that he was engaged in constitutionally protected conduct; (2) that he suffered an "adverse action" by prison officials 'sufficient to deter a person of ordinary firmness from exercising his constitutional rights"; and (3) that there is "a causal link between the exercise of his constitutional rights and the adverse action taken against him." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (quoting Allah, 229 F.3d at 225). If a prisoner sufficiently establishes a causal connection, prison officials may "overcome this element by demonstrating that the same action would have been taken in the absence of the protected activity." Rauser v. Horn, 241 F.3d 330, 333–334 (3d Cir.2001).

Plaintiff alleges that Defendants retaliated against him for the filing of his October 4, 2012 grievances. Under the First and Fourteenth Amendments, prisoner-plaintiffs have a right to petition the government for redress of grievances and to freely access the courts. Milhouse v. Carlson, 652 F.2d 371, 373-374 (3d Cir. 1981). As such, Plaintiff has satisfied the first element of his retaliation claim.

To establish the second element, a prisoner-plaintiff must show an adverse action by a prison official sufficient to deter a person of ordinary firmness from exercising his constitutional rights. The plaintiff does not necessarily need to allege that the adverse action violated a constitutional right, Wheeler v. Beard, No. 03–4826, 2005 WL 1840159, at *3 (E.D.Pa. Aug. 3, 2005); rather, the plaintiff need only show that the adverse action was "motivated in substantial part by a desire to punish an individual for the [exercise] of a constitutional right." Mitchell, 318 F.3d at 530. Plaintiff contends that he was subjected to sexual epithets by prison personnel. However, it is well settled that verbal threats or verbal harassment do not constitute adverse action for purposes of stating a retaliation claim under the First Amendment. Burgos v. Canino, 358 Fed. Appx. 302, 306 (3d Cir.2009) ("because threats alone do not constitute retaliation, the claim relating to the threat failed") (citing Maclean v. Secor, 876 F.Supp. 695, 699 (E.D.Pa.1995)); Bartelli v. Lewis, Civil No. 04–0908, 2005 WL 2406048, at *2 (M.D. Pa. Sept. 29, 2005) ("we determine that verbal threats do not constitute an adverse action' and, therefore, do not fulfill a requisite element of a retaliation claim").

As such, Plaintiff has failed to demonstrate sufficiently adverse action against him in violation of his constitutional rights. See Burgos, supra, (urinalysis, harassment, threats, temporary inconveniences, and denial of recreation did not rise to level of adverse action against prisoner); Walker v. Bowersox, 526 F.3d 1186, 1190 (8th Cir.2008) ("the two incidents when Knarr directed others to give Walker an alternative meal, although purportedly retaliatory, were not sufficiently severe to amount to a constitutional violation"); Gill v. Tuttle, 93 Fed. Appx. 301, 303–04 (2d Cir.2004) (to establish retaliation claim, inmate must allege adverse action that imposes a substantial impact on inmate); Jones v. Greninger, 188 F.3d 322, 325–26 (5th Cir.1999) (although retaliatory intent was properly alleged, claim that inmate was restricted to five hours per week in law library in retaliation for filing grievances failed because the alleged adverse acts did not rise to level of constitutional claim); Thaddeus–X v. Blatter, 175 F.3d 378, 398 (6th Cir.1999) ("Prisoners may be required to tolerate more than public employees, who may be required to tolerate more than average citizens, before an action taken against them is considered adverse"). Additionally, the Court notes that before any deterrent to Plaintiff to exercise a constitutional right could even take place, the shoes containing the derogatory remarks were replaced with a new, unmarked pair, and the correctional officer apologized for the remarks.

Finally, to the extent that Plaintiff seeks money damages for pain and suffering from Defendants, the Court finds that he is precluded under 42 U.S.C. §1997e(e) since he does not allege in his complaint any physical harm

Defendants caused him. See Allah v. Al-Hafeez, 226 F. 3d 247, 251 (3d Cir. 2000); Mitchell v. Horn, 318 F.3d 523, 533 (3d Cir. 2003); Kantamanto v. King, 651 F. Supp. 2d 313, 320 n. 1 (E.D. Pa. 2009)(inmate cannot obtain compensatory damages for pain and suffering in civil rights action since he did not allege any physical injury). Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. §1997e(e).

Consequently, since Plaintiff's complaint is "based on an indisputably meritless legal theory" it will be dismissed as legally frivolous. Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989). Under the circumstances, the court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that §1915(d) is designed to preserve. See Roman v. Jeffes, 904 F.2d 192, 195 n. 3 (3d Cir. 1990).

A separate Order will be issued.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: December 10, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-2171-01.wpd